**UNITED STATES of America,**
**Appellee,**

v.

**Zarrar SHEIKH, Defendant–Appellant.**

**No. 05–1747–CR.**

United States Court of Appeals,
Second Circuit.

Jan. 5, 2006.

Roberto Finzi (Michael Garcia, United States Attorney for the Southern District of New York, Peter G. Neiman, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

Bruno C. Bier, Bajaj & Associates, PLLC, New York, NY, for Appellant.

PRESENT: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. LEWIS A. KAPLAN, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

---

\* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

AND DECREED that the judgment of the United States District Court for the Southern District of New York (Jones, J.) is AFFIRMED.

Defendant-appellant Zarrar Sheikh appeals from a March 26, 2005 judgment sentencing him principally to a 46–month concurrent sentence, following his plea of guilty without a plea agreement, on three counts of mail fraud and one count of conspiring to commit securities and mail fraud. We assume the parties' familiarity with the facts in this case, its relevant procedural history, and the issues on appeal.

Sheikh's argument that a district court violates the Sixth Amendment when it calculates an advisory Guidelines sentence, as we held it is required to do in *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir.2005), with enhancements based on facts not admitted by the defendant or found by a jury is foreclosed by our precedent. *See United States v. Garcia*, 413 F.3d 201, 220 n. 15 (2d Cir.2005) (noting that "[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*" and that, under advisory Guidelines, a sentencing court may find facts relevant to sentencing without violating the Sixth Amendment); *see also United States v. Vaughn*, 430 F.3d 518, 525–26 (2d Cir.2005) (rejecting claim that the Due Process Clause requires that a defendant be sentenced only in accordance with facts proved to a jury beyond a reasonable doubt).

For the reasons stated above, we AFFIRM the district court's judgment.